**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

---

ARMANDO ARMENTEROS-PAEZ,

Petitioner,

v. No. 1:26-cv-02149-MLG-SCY

WARDEN, Cibola County Correctional
Facility; et al,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING PETITIONER'S IMMEDIATE RELEASE**

This matter is before the Court on Petitioner Armando Armenteros-Paez's Petition for a Writ of Habeas Corpus 28 U.S.C. § 2241 ("Petition"), Doc. 1. The Court, having considered the Petition, having held a hearing on September 18, 2026, and being otherwise fully informed, finds that it is well-taken and should be granted.

For the reasons stated on the record during the hearing, federal Respondents failed to rebut Armenteros-Paez's showing that "there is no significant likelihood of removal in the reasonably foreseeable future." *Bejarbaneh v. Mullin*, No. 1:26-CV-01451-MLG-GJF, 2026 WL 1724942, at *2 (D.N.M. June 12, 2026) (internal quotation marks omitted) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)). His continued detention is therefore "unreasonable and no longer authorized by statute." *Id.* (internal quotation marks omitted) (quoting *Zadvydas*, 533 U.S. at 699-700)).

Armenteros-Paez shall be released within forty-eight hours of the entry of this Order.[1] He shall be released with all identification documentation that he possessed on his person when detained by Respondents in November 2024 along with a copy of this Order.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

[1] In habeas corpus proceedings, "a federal court 'possesses power to grant any form of relief necessary to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (emphasis omitted) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release.").